# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOYCE A. TAYLOR HAYNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-672-NAB |
| ) | |
| WASHINGTON UNIVERSITY SCHOOL OF ) | |
| MEDICINE DIVISION OF INFECTIOUS ) | |
| DISEASES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Joyce A. Taylor Haynie brings this employment discrimination action under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e *et seq.*, against her prior employer Washington University School of Medicine, Division of Infectious Diseases. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Because Plaintiff's motion does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the Court will direct Plaintiff to file an amended motion or pay the full filing fee. The Court warns Plaintiff that her failure to comply with this Order could result in dismissal of this action.

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing *in forma pauperis* which is not accompanied by an affidavit as required by 28

U.S.C. § 1915(a).  E.D. Mo. L.R. 2.05(C).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, the Court cannot assess whether Plaintiff should be granted *in forma pauperis* status because she has not provided the Court with complete answers to all the form questions.  Plaintiff states that she has monthly income of $3,626 and that she has approximately $2,000 saved.  ECF No. 2 at 1-2.  However, Plaintiff fails to respond to question 5, as to whether she owns any assets of value and if so, their approximate value.  Also, her response to question 6 is incomplete, as she provides a list of regular monthly expenses but she does not provide the amount of each expense.  *Id.* at 2.  Without this expense information, the Court cannot determine whether Plaintiff should be granted *in forma pauperis status*.  Plaintiff must either provide the required financial information on a complete 'Application to Proceed In District Court without Prepaying Fees or Costs' or pay the full filing fee in order for this case to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send Plaintiff a blank 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

2

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full filing fee or submit the completed Application in accordance with the instructions set forth herein, within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice from the Court.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of June, 2022.