## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOYCE A. TAYLOR HAYNIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON UNIVERSITY SCHOOL OF ) <br> MEDICINE DIVISION OF INFECTIOUS ) <br> DISEASES, ) <br> ) <br> Defendant. ) | No. 4:22-CV-672 NAB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Joyce A. Taylor Haynie's second motion for leave to proceed *in forma pauperis* in this employment discrimination action. ECF No. 6. The Court directed Plaintiff to file a second motion after finding the first motion deficient. *See* ECF No. 5. Upon consideration of the second motion and the financial information provided therein, the Court finds that Plaintiff is unable to pay the filing fee and will grant Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff's initial motion will be denied as moot.

Under 28 U.S.C. § 1915(e)(2), the Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Briefly, in the complaint at bar, Plaintiff claims she suffered employment discrimination on the basis of race and gender, and retaliation for participation in protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. She sets forth factual allegations in support of her claims. Additionally, Plaintiff avers she filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission (EEOC) to assert the same claims alleged in the complaint. Plaintiff provided a copy of a March 29, 2022 'Determination and Notice of Rights' she received from the EEOC, giving her ninety days in which to file a lawsuit under federal law. Plaintiff filed this action on June 24, 2022. Accordingly, based upon Plaintiff's averments and the record before the Court, it appears this action is timely, and that Plaintiff has exhausted administrative remedies. The Court will allow this case to proceed against defendant Washington University.

Plaintiff has also filed a motion for the appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id*. After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. There is no indication that this case is factually or legally complex, or that Plaintiff will be unable to investigate the facts and clearly present her claims. Additionally, the motion is premature, as the defendant has yet to be served with process and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's first motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that the Clerk is directed to issue process or cause process to issue upon the complaint as to defendant Washington University School of Medicine Division of Infectious Diseases at the Office of the Vice Chancellor and General Counsel, Medical School Campus, 660 South Euclid, St. Louis, Missouri 63110.

```
                                     _____
                                     NANNETTE A. BAKER
                                     UNITED STATES MAGISTRATE JUDGE
```

Dated this 20th day of July, 2022.