UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOYCE A. TAYLOR HAYNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22CV672 JAR |
| ) | |
| WASHINGTON UNIVERSITY SCHOOL ) | |
| OF MEDICINE DIVISION OF ) | |
| INFECTIOUS DISEASES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Bill of Costs. ECF No. 58. Plaintiff filed her response in opposition. For the reasons discussed below, Defendant's Motion will be granted in part and denied in part.

### Background

Plaintiff Joyce A. Taylor Haynie's *pro se* Complaint against Defendant Washington University[1] alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010, *et seq.,* for Race Discrimination and Retaliation. At the start of this ligation, Plaintiff was granted permission by the Court to proceed *in forma pauperis*. ECF No. 7. On July 20, 2022, the Court denied Plaintiff's motion to appoint counsel without prejudice. *Id.* After an attorney entered on her behalf, Plaintiff filed her Second Amended Complaint. ECF No. 34. Defendant subsequently filed a motion for summary judgment on Plaintiff's Second Amended Complaint in its entirety.

---

[1] According to Defendant, Washington University School of Medicine and its Division of Infectious Diseases are not independent legal entities from Washington University.

ECF No. 41. This Court granted Defendant's motion, ordering summary judgment in favor of Defendant and against Plaintiff and dismissed the case with prejudice. ECF Nos. 56 and 57. In granting Defendant's motion, the Court concluded that Plaintiff did not sustain her burden of demonstrating a prima facie case of employment discrimination under Title VII, and even if she had, the record was unequivocal that Defendant's reason for terminating her was not a pretext for discrimination. The Court further found that Plaintiff's MHRA claims were not timely filed. Even if these claims were not time-barred, because the MHRA's standard is analogous to the one used in employment discrimination claims under federal law, the Court determined that Defendant was entitled to summary judgment on these claims for the same reasons as found under Plaintiff's Title VII claims. As the prevailing party, Defendant maintains that Federal Rule of Civil Procedure Rule 54(d) entitles it to an award of costs.[2] It seeks to recover $9,657.61. Plaintiff requests the Court to deny the instant motion, maintaining that certain costs lack statutory authorization and assessing any costs would place an unreasonable financial hardship on her.

## Legal Standard

Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54. Under the rule, there is a presumption that the

---

[2] Plaintiff does not dispute that the Defendant is a "prevailing party" within the meaning of Rule 54(d).

prevailing party be awarded costs. *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000). Yet despite this presumption, the district court retains substantial discretion in awarding costs to the prevailing party. *Greaser v. State of Mo., Dep't of Corrs.,* 145 F.3d 979, 985 (8th Cir. 1998). "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc*., 472 F.3d 515, 517 (8th Cir. 2006) (citations omitted).

Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

"'Absent explicit statutory or contractual authorization to the contrary, federal district courts may tax as costs only those expenses listed in § 1920.'" *U.S. v. Mink,* 476 F.3d 558, 564 (8th Cir. 2007) (alteration omitted) (quoting *United States v. Hiland,* 909 F.2d 1114, 1142 (8th Cir. 1990)). "[N]ot all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." *Pershern,* 834 F.2d at 140. "An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or

3

because the taxable costs of the litigation were disproportionate to the result achieved." *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992) (citing *Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227, 234-35 (1964)); *Kropp v. Ziebarth*, 601 F.2d 1348, 1358 (8th Cir. 1979); *Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50, 55 (8th Cir. 1977). Within the Eighth Circuit, the Court may also consider the losing party's financial resources in awarding costs. *See Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

## Discussion

*Deposition Costs*

Defendant seeks $9,551.30 in costs related to transcripts fees for depositions that were taken in this case. Plaintiff does not object to the "recoverability of costs related to deposition transcripts, but of whatever fees were associated with exhibits or other services that are not explicitly recoverable under § 1920." *See* ECF No. 59, Plaintiff's Response at 8. Plaintiff also objects to the video recording costs accrued from both of her depositions.

To determine whether to award the costs of a deposition, the "underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations omitted). "[I]f the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude that they were necessarily obtained for use in the case." *Frazier v. IBP, Inc.*, No. C97-0023, 1999 WL 33655745, at *10 (N.D. Iowa Feb. 2, 1999), *aff'd*, 200 F.3d 1190 (8th Cir. 2000).

4

Specifically, Defendant seeks costs for the following:

| Invoice Date | Paid To | Amount |
|---|---|---|
| 03/27/2023 | Veritext, LLC – Midwest Region<br>Reporting Services<br>Deposition of Joyce Taylor Haynie, Vol. I (03/08/2023) | $1,900.65 |
| 03/30/2023 | Veritext, LLC – Midwest Region<br>Reporting Services (Video)<br>Deposition of Joyce Taylor Haynie, Vol. I (03/08/2023) | $2,885.00 |
| 04/26/2023 | Lexitas<br>Reporting Services<br>Deposition of Heidi White (04/14/2023) | $419.00 |
| 04/27/2023 | Lexitas<br>Reporting Services<br>Deposition of Lisa Kessel (04/13/2023) | $734.00 |
| 04/28/2023 | Lexitas<br>Reporting Services<br>Deposition of Teresa Spitz (04/19/2023) | $409.20 |
| 05/08/2023 | Lexitas<br>Reporting Services<br>Depositions of Andrej Spec, MD, and Kimberly Gray (04/21/2023) | $794.70 |
| 05/09/2023 | Lexitas<br>Reporting Services<br>Depositions of JoAnne Eastwick and Tina Robinson (04/28/2023) | $1,038.75 |
| 05/18/2023 | Veritext, LLC – Midwest Region<br>Reporting Services<br>Deposition of Joyce Taylor Haynie, Vol. II (04/27/2023) | $477.00 |
| 05/23/2023 | Veritext, LLC – Midwest Region<br>Reporting Services (Video)<br>Deposition of Joyce Taylor Haynie, Vol. II (04/27/2023) | $893.00 |
|  |  | Total $9,551.30 |

ECF No. 58-2, Defendant's Exhibit 2 at p. 1.

The Court will first address the costs from both of Plaintiff's depositions. The following fees were assessed for the printed transcripts of Plaintiff's depositions:

5

| Witness: Joyce Taylor Haynie , Vol. I | Amount |
|---|---|
| Transcript Services | $1,504.50 |
| Professional Attendance | $308.00 |
| Litigation Services & Logistics (Exh,Files,etc.) | $88.15 |
| Notes: Invoice Total: | $1,900.65 |
| Payment: | $0.00 |
| Credit: | $0.00 |
| Interest: | $0.00 |
| Balance Due: | $1,900.65 |

| Witness: Joyce Taylor Haynie , Vol. II | Amount |
|---|---|
| Transcript Services | $306.90 |
| Professional Attendance | $77.00 |
| Exhibits | $26.10 |
| Logistics, Processing & Electronics Files | $67.00 |
| Notes: Invoice Total: | $477.00 |
| Payment: | $0.00 |
| Credit: | $0.00 |
| Interest: | $0.00 |
| Balance Due: | $477.00 |

*Id.* at pp. 2, 14.

Plaintiff does not object that costs are permitted to be taxed against her for these transcript services, but takes issue with the remaining fees that she argues are not statutorily authorized. Defendant only responds to the costs for exhibits, arguing those costs are allowed as part of transcript costs under Section 1920(2), or in the alternative, for "fees of exemplification and costs of making copies" of documents under Section 1920(4). However, the charge does not make clear what the "Exhibits" charge is for. Although it is true a copy of exhibits may be allowable, management for exhibits is not specifically permitted under Section 1920. *See Cramer v. Equifax Inf. Servs.*, LLC, No. 4:18-CV-1078 SEP, 2020 WL 887996, at *4 (E.D. Mo. Feb. 24, 2020) (finding no court in this district has permitted taxing of exhibit management fees). Because the "Exhibits" charge does not clarify it is for copies and could be for exhibit

6

management or other related fees, the Court finds this cost is not statutorily authorized nor are those costs for "Professional Attendance," "Logistics, Process & Electronic Files" or "Litigation Services & Logistics." Those costs will be reduced from Defendant's requested amount.

Plaintiff next argues that Defendant's costs for the video recordings of Plaintiff's depositions are not allowed under Section 1920, or in the alternative, were not necessary expenses. Section 1920(2) permits "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Eighth Circuit has clarified that notwithstanding the use of "or" in Section 1920(2), the prevailing party can recover for both transcripts and videos, so long as each format was "necessarily obtained for use in [the] case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) ("[W]e conclude that § 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case.").

Because the statute allows costs for the video recordings, the issue here is if those recordings were necessary. Defendant argues that the videos of Plaintiff's depositions would have been crucial for impeachment purposes had the case gone to trial. However, Defendant repeatedly asserts that Plaintiff's case was frivolous. Following that rationale, Defendant filed its motion for summary judgment on May 26, 2023, and the Court can infer Defendant believed it would be successful on the motion, which it was. Defendant paid $2,885 to videotape Plaintiff's first deposition, with an invoice date of March 30, 2023, and $883 for her second deposition, with an invoice date of May 23, 2023. The trial in this case was not set until November 13, 2023. The Court does not agree the video recordings of Plaintiff's depositions were necessary given

these circumstances.  In its discretion, the Court will deny Defendant's motion for costs for Plaintiff's video depositions.

As to the remaining depositions, these were taken on behalf of the Plaintiff and the transcript costs are not challenged by Plaintiff. As to Plaintiff's argument that the receipts do not itemize the costs related to these depositions and might have included other costs, the Court disagrees. Each receipt attached by Defendant for these remaining depositions confirm that the charges were for the certified copy of the transcript. *See* ECF No. 58-2, Exhibit 2 at pp. 4, 6, 8, 10, 12. The Court does note an additional charge labeled "Finance Charges/Debits" for $11.01 was included for the deposition of Lisa Kessel. *Id.* at 7. Defendant cannot pass its interest charges on to Plaintiff and that charge will be deducted from the total costs assessed against Plaintiff.

*Certified Copy of Plaintiff's Unemployment Record*

Next, Defendant seeks $106.31 in the following costs related to obtaining a certified copy of Plaintiff's unemployment record from the Missouri Division of Employment Security:

| Invoice Date | Paid To | Amount |
|---|---|---|
| 04/10/2023 | Mo. Division of Employment Security<br>Exemplification of Official Records<br>Certified Copy of Unemployment Records for Joyce Haynie | 83.45 |
| 04/17/2023 | FedEx<br>Exemplification of Official Records<br>Shipping fees to deliver to Confidential Coordinator at Mo. Division of Employment Security | $22.86 |
| | | Total $106.31 |

Defendant's Exhibit 3, ECF No. 58-3 at p. 1.

Plaintiff argues that because she provided the information regarding her unemployment applications in discovery, the certified copy was unnecessary. Defendant explains whether

8

Plaintiff had sought replacement employment to mitigate her damages was central to its failure to mitigate affirmative defense and requested a certified copy of her employment records for verification of the information provided.

Expenses for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" is allowed under Section 1920(4). Here, Plaintiff made a claim for lost wages, and Defendant used the employment records in its summary judgment motion in support of denying that claim. Thus, the Court finds that the certified copy of Plaintiff's unemployment record was necessarily obtained for use in the case. However, Defendant included the shipping fee for obtaining the certified copy of the records in its calculation of costs. This Court will follow the precedent of courts in the Eighth Circuit which consistently deny prevailing parties' attempts to tax delivery and handling costs. S*ee Hoover v. Bayer Healthcare Pharms., Inc*., No. 3:14-CV-05090-SRB, 2017 WL 2321146, at *2 (W.D. Mo. Mar. 27, 2017); *see also, Smith v. Tenet Healthsystem SL, Inc.,* 436 F.3d 879, 889 (8th Cir. 2006) (Non-prevailing party "should not have been taxed for delivery costs for these depositions.").

*Plaintiff's Financial Status*

Plaintiff also argues that if the Court grants the instant motion, it will cause her undue financial hardship.

The Court may consider the losing party's financial resources in awarding costs. *See Cross,* 721 F.2d at 1157 (holding district court did not abuse discretion by considering plaintiff's limited financial resources); *Thull v. Techtronic Indus. Co., Ltd.,* No. 11-CV-2368-PJS, 2015 WL 1021316, at *3 (D. Minn. Mar. 9, 2015) ("District courts within the Eighth Circuit have, in the past, considered the non-prevailing party's financial status when determining whether to tax

9

costs."). A district court may deny costs "because a plaintiff is poor." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982). But to be excused from paying costs, Plaintiff "must be facing dire financial circumstances," and she bears the burden of "establish[ing] indigence through affidavits or other evidence of income, assets, and schedules of expenses." *Kaplan v. Mayo Clinic*, No. 07-CV-3630-JRT, 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011). Plaintiff must also show that she is "not likely to be able to pay the costs" either now or in the future. *Svendsen v. G4S Secure Sols. (USA) Inc.*, No. 16-CV-0583-PJS, 2019 WL 277605, at *2 (D. Minn. January 22, 2019).

Plaintiff provided an affidavit regarding her financial status in support of her argument. ECF No. 59-1, Plaintiff's Affidavit. Plaintiff stated, in relevant part, the following in her Affidavit, under the penalty of perjury:

After Plaintiff's termination in August 2020, she received unemployment payments until about April 2021. *Id.* at ¶ 6. Since her termination, she has not been employed and receives $3,747.00 of monthly gross income from her and her husband's retirement and social security benefits. *Id.* ¶¶ 7-9. Plaintiff and her husband own their home, currently valued at approximately $115,000, and make monthly mortgage payments in the amount of $600. *Id.* at ¶¶ 11, 16. They drive a car currently valued at approximately $17,500 and make monthly car payments in the amount of $600 and monthly car insurance payments in the amount of $360. *Id.* at ¶¶ 12, 17. Plaintiff has student loans and makes monthly payments in the amount of $312. *Id.* at ¶ 18. They have other reoccurring expenses, such as approximately $2500 in credit card debt and medical expenses not covered by Medicaid. *Id.* at ¶¶ 19, 20, 26. Plaintiff believes they live on a "month

10

to month" basis and do not have funds to pay costs in this case based on their expenses. *Id.* at ¶¶ 15, 27.

The Court notes, when she commenced this suit, Plaintiff had limited financial means. At the start of this ligation, Plaintiff was granted permission by the Court to proceed *in forma pauperis*. ECF No. 7. On July 20, 2022, the Court denied Plaintiff's motion to appoint counsel without prejudice. *Id.* On October 19, 2022, counsel entered an appearance and represented Plaintiff during this litigation. ECF No. 20.

Given all these considerations, the Court finds that Plaintiff has not sufficiently demonstrated cause to outright deny Defendant's request for costs, but a reduction of $3,779.49 is appropriate in light of Plaintiff's financial situation and to account for her *in forma pauperis* status at the outset of this litigation. *See Greaser*, 145 F.3d at 985 ("the district court has substantial discretion in awarding costs to a prevailing party."); *Cross*, 721 F.2d at 1157 (affirming partial award of costs against plaintiff with limited financial resources); *Poe*, 695 F.2d at 1108 ("It is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason…").

*Summary of Cost Reductions*

Consistent with the above analysis, this Court will make the following reductions to Defendant's requested amount of $9,657.61 before taxing costs to Plaintiff:

- $308.00 for "Professional Attendance" and $88.15 for "Litigation Services & Logistics (Exh,Files,etc.)" charged for Volume I of Plaintiff's Deposition;

11

- $77.00 for "Professional Attendance," $26.10 for "Exhibits" and $67.00 for "Logistics, Process & Electronic Files" charged for Volume II of Plaintiff's Deposition;

- $2885.00 for Video Fees for Volume I of Plaintiff's Deposition;

- $893.00 for Video Fees for Volume II of Plaintiff's Deposition;

- $11.01 for a Finance Charge included in Lisa Kessel's Deposition;

- $22.86 for Shipping Costs; and,

- $3,779.49 to account for Plaintiff's Financial Status.

Subtracting the above reductions in the amount of $8,157.61, this Court will tax Plaintiff costs in the amount of $1,500.00.

## Conclusion

Based on the foregoing analysis, the Court will grant Defendant's Motion in part, but reduce the amount of costs assessed against Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Bill of Costs [ECF No. 58] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Plaintiff and in favor of Defendant in the amount of $1,500.00.

Dated this 26th day of August, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**